IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BYRON WHITE,                           )
                                       )
            Petitioner,                )
                                       )
    v.                                 )  C.A. No. 23-674-RGA
                                       )
SCOTT CERESINI, Warden, and            )
ATTORNEY GENERAL OF                    )
THE STATE OF DELAWARE                  )
                                       )
            Respondents.               )

## MEMORANDUM ORDER

At Wilmington, this 16th day of September 2025;

On June 21, 2023, Petitioner Byron White filed a copy of a Delaware Supreme Court decision affirming his violation of probation, which the Court liberally construed to be a petition requesting federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (D.I. 2; D.I. 5) By Order dated September 22, 2023, the Court advised Petitioner that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244, applied to the petition, and ordered Petitioner to file a completed form § 2254 application and the AEDPA election form. (D.I. 5) The Court granted Petitioner an extension. (D.I. 8) Petitioner never filed a completed form § 2254 application. Instead, he returned the AEDPA election form indicating he wished to withdraw his original construed habeas request without prejudice.[1] (D.I. 9) On January 12, 2024, the Court granted the request, dismissed the petition without prejudice, and closed the case. (D.I. 11) Over

---

[1]  As indicated in the Court's January 12, 2024 Order, the original filing (D.I. 2) and the request to withdraw (D.I. 9) are signed by Petitioner's father under a "power of attorney." I express no opinion whether either filing is valid, but I do note that a power of attorney does not give a non-attorney the ability to represent another individual. *See, e.g., Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (holding state-issued power of attorney does not permit agent to appear *pro se* on behalf of principal in federal litigation).

a year later, Petitioner filed a one paragraph document dated February 5, 2025[2] that stated the following:

> Case was not authorized to be dismissed. Constitutional Rights violations continue. By receiving an Honorable Discharge in regards to this matter. A federal court had already determined plaintiff's innocence. Delaware has continued to ignore law and the constitution. All claims against the state of Delaware are true and valid. Plaintiff's would like to proceed in this case matter.

(D.I. 13). The Court construes this as a motion to reopen Petitioner's case. Generally, however, the proper procedure for reinstating a case that has been voluntarily dismissed is for the petitioner to file a new petition in a new civil case rather than reopening the closed case. *See Wyche v. Metzger*, C.A. No. 18-1478 (MN), 2021 WL 2403112, at *2 (D. Del. June 11, 2021) (citing federal district court cases supporting this practice).

The United States Supreme Court recently held that a case voluntarily dismissed without prejudice is a "final" judgment, order, or proceeding that is subject to review under Rule 60(b) of the Federal Rules of Civil Procedure.[3] *See Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 307, 312 (2025). Liberally construing Petitioner's motion to reopen as one under Rule 60(b), however, does not help Petitioner. Rule 60(b) provides:

> **b)** **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;

---

[2] The Court notes that this document (D.I. 13) was erroneously stamped as filed January 5, 2025, as was Petitioner's notice of address change (D.I. 12). Both documents, however, are dated February 5, 2025. Additionally, the Court indicated the correct date on the docket and placed a corrected timestamp on the notice of change of address.

[3] Rule 60(b) is applicable in Petitioner's case pursuant to Rule 12 of the Rules Governing Section 2254 Cases in the United States District Court, which provides, "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

    (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4)    the judgment is void;

    (5)    the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b)(6) applies only in "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *United States v. Doe*, 810 F.3d 132, 152 (3d Cir. 2015) (quoting *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014)). Additionally, a motion brought under the Rule 60(b) must be brought within "a reasonable time," and for sections (1), (2) and (3), must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Petitioner's construed motion to reopen is untimely under Rule 60(b). The construed motion was filed more than one year after the Court's January 12, 2024 Order dismissing the petition without prejudice, and closing the case. Therefore, it is outside the limitations period required to apply sections (1), (2) or (3). Additionally, to the extent sections (4), (5) or (6) apply, the Court concludes that over one year is not within a reasonable time, especially since Petitioner has given no reason for the delay. In the alternative, if the construed motion to reopen were timely, it would not matter, because Petitioner has not provided sufficient information to warrant reopening the case.

THEREFORE, **IT IS HEREBY ORDERED** that:

1. Petitioner Byron White's construed Motion to Reopen (D.I. 13) is **DENIED**.

2.  To the extent the Court is required to make such a determination, the Court declines to issue a certificate of appealability because Petitioner has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

3.  The case shall remain closed.

*/s/ Richard G. Andrews*
Richard G. Andrews
United States District Judge